**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PHILIP HUGHES, | No. 16-16552 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-00028-RCJ-WGC |
| v. | |
| BACA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted June 26, 2017[**]

Before:    PAEZ, BEA, and MURGUIA, Circuit Judges.

Nevada state prisoner Philip Hughes appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging that prison officials were

deliberately indifferent to his safety and serious medical needs.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for failure to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

state a claim under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

Dismissal of Hughes's claim alleging deliberate indifference to his safety was proper because Hughes failed to allege facts sufficient to show that defendants knew of and disregarded a substantial risk of serious harm to Hughes's safety by allegedly failing to protect him from an attack by another inmate. *See Farmer v. Brennan*, 511 U.S. 825, 834-44 (1994) (stating that prison officials have a duty to protect prisoners from violence at the hands of other prisoners, but officials may be liable under the Eighth Amendment only if they act or fail to act "with deliberate indifference to a substantial risk of serious harm to a prisoner"); *see also Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation . . . .").

The district court properly dismissed Hughes's claim alleging deliberate indifference to his serious medical needs because Hughes failed to allege facts sufficient to state a plausible claim. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) ("A prison official acts with deliberate indifference . . . only if the [prison official] knows of and disregards an excessive risk to inmate health"; neither a difference of opinion concerning the course of treatment nor mere

negligence in treating a medical condition amounts to deliberate indifference (citation and internal quotation marks omitted)).

The district court did not err in failing to recuse itself sua sponte because Hughes failed to establish extrajudicial bias or prejudice. *See* 28 U.S.C. § 455; *Noli v. Comm'r.*, 860 F.2d 1521, 1527 (9th Cir. 1988) ("[I]f no motion is made to the judge . . . a party will bear a greater burden on appeal in demonstrating that the judge . . . [erred] in failing to grant recusal under section 455." (alteration in original, citation and internal quotation marks omitted)).

**AFFIRMED.**